IN THE MATTER OF THE APPEAL OF: FAYETTEVILLE HOTEL ASSOCIATES, A NORTH CAROLINA LIMITED PARTNERSHIP, FROM THE APPRAISAL OF CERTAIN REAL PROPERTY BY THE CUMBERLAND COUNTY BOARD OF EQUALIZATION.

No. 9410PTC106

(Filed 6 December 1994)

**Taxation § 99 (NCI4th)— failure to follow Property Tax Commission's rule—dismissal appropriate**

Dismissal of an appeal for failure to follow rules of the Property Tax Commission is an appropriate sanction.

**Am Jur 2d, State and Local Taxation §§ 802 et seq.**

Judge ORR dissenting.

Appeal by taxpayer from order entered 29 October 1993 by the North Carolina Property Tax Commission. Heard in the Court of Appeals 4 October 1994.

On 24 September 1992, Fayetteville Hotel Associates, a North Carolina Limited Partnership (hereinafter taxpayer), appeared before the Cumberland County Board of Equalization and Review (hereinafter respondent) to appeal the county's assessment of ad valorem taxes on certain property taxpayer owned in Cumberland County. Respondent ruled against taxpayer and notified taxpayer of its decision on 30 September 1992. On 2 December 1992, taxpayer appealed respondent's decision to the Property Tax Commission (hereinafter Commission). Taxpayer's appeal was scheduled for hearing on 13 October 1993.

On 15 September 1993, respondent wrote to taxpayer requesting discovery of certain items. On 1 October 1993, respondent also called

IN RE APPEAL OF FAYETTEVILLE HOTEL ASSOC.

[117 N.C. App. 285 (1994)]

the offices of taxpayer's attorney in an attempt to discuss a pre-trial order. After receiving no reply from taxpayer regarding its discovery requests and no pre-trial order by 8 October 1993, respondent filed a motion to dismiss taxpayer's appeal. On 12 October 1993, the day before the scheduled hearing, taxpayer informed respondent of the witnesses it intended to call and the documents it intended to introduce at the hearing.

On 13 October 1993, the Commission first considered respondent's motion to dismiss before commencing the scheduled hearing. In its order, the Commission made the following findings of fact and conclusions of law:

1. That on September 22, 1993, the Secretary of the Property Tax Commission mailed a Notification of Hearing before the Property Tax Commission to Fayetteville Hotel Associates indicating the date and time of the hearing. The above referenced letter also included instructions for the exchange of documentary evidence and the preparation of a prehearing order with the County Attorney.

2. That Fayetteville Hotel Associates did not enter into a pretrial order with the County at least ten (10) days before the date of the hearing, and did not exchange documentary evidence, as required by the rules of the Commission.

3. That Cumberland County had sent copies of its documentary evidence to Fayetteville Hotel Associates twelve (12) days prior to the hearing and had attempted to contact Fayetteville Hotel Associates in order to work out a prehearing order.

After carefully considering the arguments advanced, the Commission concluded that the Taxpayer had failed to abide by the rules of the Commission and that the Taxpayer's appeal should be dismissed.

Taxpayer appeals.

*Sandman & Strickland, P.A., by Nelson G. Harris, for taxpayer-appellant.*

*Cumberland County Attorney's Office, by Deputy County Attorney Danny G. Higgins, for respondent-appellee.*

IN RE APPEAL OF FAYETTEVILLE HOTEL ASSOC.

[117 N.C. App. 285 (1994)]

EAGLES, Judge.

In its appeal here, taxpayer contends that the Commission abused its discretion in dismissing taxpayer's appeal for violation of Commission rules. We disagree.

G.S. 105-288(b) provides that the Commission "may adopt rules needed to fulfill its duties." The Commission's rules regarding appeals to the Commission are codified in Title 17, Chapter 11 of the North Carolina Administrative Code. Sections .0213 and .0214 of the Code require that the Commission be furnished documents ten days prior to the date of the hearing and that the parties enter into a pretrial order ten days prior to the hearing date.

### .0213 COMMISSION TO BE FURNISHED DOCUMENTS PRIOR TO HEARING

(a) At least ten days prior to the date of the hearing, each party to the appeal shall furnish to the secretary of the Commission six copies of all documents to be introduced at the hearing, including maps, pictures, property record cards and briefs. . . .

(b) In the absence of an agreement to the contrary, a copy of each such document shall also be furnished or made available to the opposing party at the same time.

### .0214 PARTIES TO ENTER INTO A PRE-HEARING ORDER

Parties shall enter into a pre-hearing order before the appeal is set for hearing. This order will include stipulations as to parties, exhibits, witnesses, issues, and any other matters which can be stipulated by the parties. . . . The appellant shall forward six copies of the executed order to the secretary at least 10 days prior to the date of hearing.

These two rules require the parties to submit six copies of all documents to be introduced at the hearing and to enter into a pre-hearing order, both at least ten days prior to the hearing.

Here, the Commission found as a fact that the Commission's secretary mailed taxpayer a Notification of Hearing on 22 September 1993 which included instructions for the exchange of documentary evidence and the preparation of a pre-hearing order. The Commission further found that taxpayer did not exchange documentary evidence or enter into a pre-trial order 10 days before the hearing. The Commission found that respondent had submitted its documentation and

had attempted to contact taxpayer 12 days prior to the hearing date. Taxpayer failed to submit its documents until the day before the hearing date and did not enter into a pre-trial order. Based on these findings, the Commission dismissed taxpayer's appeal for failure to follow the rules of the Commission.

> Rules and regulations of an administrative agency governing proceedings before it, duly adopted and within the authority of the agency, are as binding on the agency as if they were statutes enacted by the legislature. Such rules are also binding upon the public of the agency, and the agency does not generally have the discretion to waive, suspend, or disregard them in a particular case . . . .

2 Am. Jur. 2d *Administrative Law* § 269 (1994); *Humble Oil & Refining Co. v. Board of Alderman*, 284 N.C. 458, 468, 202 S.E.2d 129, 135 (1974).

Taxpayer contends that the Commission exceeded its authority by dismissing the appeal. Taxpayer alternatively contends that the Commission abused its discretion in dismissing the appeal because it did not consider any alternative sanctions. We disagree. Since the Commission's rules are binding upon the Commission as well as the public, we conclude that the Commission has an obligation and an implied power to enforce its rules. Dismissal of an appeal for failure to follow the rules is an appropriate sanction. Without the implicit authority to enforce its rules by dismissal, the Commission's effectiveness as a quasi-judicial body would be fatally compromised. Taxpayer argues that the Commission should have considered a less severe sanction but cites no authority for the Commission to tax attorney's fees or costs or impose other less stringent sanctions. Although we conclude that the Commission has the implied authority to enforce its rules and to dismiss appeals for failure to follow them, the power to impose sanctions such as attorney's fees or assessment of costs to a party would require more specific legislative authority. These additional powers would exceed the Commission's general rulemaking authority. G.S. 105-288(b). Accordingly, we affirm the order of the Commission dismissing taxpayer's appeal.

Affirmed.

Judge McCRODDEN concurs.

Judge ORR dissenting.

I respectfully dissent from the majority's conclusion that, because the Commission has an obligation and an implied power to enforce its rules, dismissal of an appeal for failure to follow the rules is an appropriate sanction. I disagree because these sanctions are neither statutorily nor legislatively mandated. If, as the majority indicates, lesser sanctions such as attorney's fees require legislative authority, then surely a punitive measure such as dismissing the appeal also requires legislative authority.

Therefore, I vote to reverse the order of the Commission dismissing taxpayer's appeal.