IN THE MATTER OF: APPEAL OF WILLIAM TED PHILLIPS ET AL. FROM THE DECISION OF THE GRAHAM COUNTY BOARD OF EQUALIZATION AND REVIEW CONCERNING REAL PROPERTY VALUATION FOR TAX YEAR 2001

No. COA03-46

(Filed 4 November 2003)

**Taxation— property tax—furnishing documents—prehearing order**

The Property Tax Commission did not abuse its discretion by dismissing taxpayer's appeal concerning a county board's valuation of real property for the 2001 tax year, because: (1) the taxpayer was provided ample notice of the consequences of a failure to comply with the Commission's rules; and (2) the taxpayer failed to comply with 17 N.C.A.C. 11 .0213, requiring parties to furnish documents to the Commission at least ten days prior to the hearing, and 17 N.C.A.C. 11 .0214, requiring the parties to enter into a prehearing order and to submit copies thereof to the Commission.

Appeal by taxpayers William Ted Phillips, Berniece Lloyd, and James Leonard Phillips from order dated 10 July 2002 by the North Carolina Property Tax Commission. Heard in the Court of Appeals 15 October 2003.

*McKinney & Tallant, P.A., by Zeyland G. McKinney, Jr. for taxpayer-appellants.*

*Parker Poe Adams & Bernstein, by Charles C. Meeker and Cynthia L. Wittmer, for county-appellee.*

BRYANT, Judge.

William Ted Phillips et al. (taxpayer) appeals an order of the North Carolina Property Tax Commission (the Commission) dated 10 July 2002 dismissing taxpayer's appeal to the Commission.

On 29 May 2001, taxpayer appealed to the Commission for review of a decision by the Graham County Board of Equalization and Review concerning the valuation of real property for the 2001 tax year. This appeal was scheduled to be heard on 16 May 2002. In a letter dated 11 June 2001, the Secretary of the Commission instructed taxpayer on the procedures to be followed for purposes of his appeal, including the requirement to furnish certain documents at least ten days prior to the hearing date and to prepare a pre-hearing order containing the parties' stipulations. The letter warned that failure to comply with these procedures could result in dismissal of the appeal. On 9 January 2002, taxpayer submitted his answers to Graham County's interrogatories. Between 27 February and 11 April 2002, Graham County's counsel contacted taxpayer's attorney twice by letter, requesting taxpayer to forward his lists of witnesses, exhibits, and issues, as required by the Commission's rules, and offering to prepare the pre-hearing order if taxpayer so preferred. The February letter also cautioned that "the Commission strictly enforces its pre-hearing requirements." When taxpayer failed to respond to these letters or to the two telephone messages left by the County's counsel, Graham County filed a motion to dismiss on 13 May 2002, three days before the hearing, based on taxpayer's failure to comply with the Commission's rules. That same day, taxpayer faxed the County's counsel a list of exhibits and witness names.

In its 10 July 2002 order, the Commission found that:

1. On April 25, 2002, the Secretary to the Commission mailed a Notification of Hearing before the Commission to . . . [t]axpayer. This notice of hearing included instructions for the exchange of documentary evidence and the preparation of a Pre-Hearing Order with the Graham County Attorney.

2. . . . Taxpayer did not enter into a pre-hearing order with the Graham County Attorney prior to the hearing date[] and did not exchange documentary evidence, as required by the rules of the Commission.

3. . . . Taxpayer did not furnish the Commission six copies of the documentary evidence at least ten (10) days prior to the date of hearing, as required by the rules of the Commission.

4. Counsel for Graham County had sent copies of the County's documentary evidence to [t]axpayer's counsel and attempted to contact [t]axpayer's counsel in order to conduct a Pre-Hearing Conference and enter into a Pre-Hearing Order.

Based on these findings, the Commission concluded that taxpayer had failed to comply with 17 NCAC 11 .0213 and .0214 and, pursuant to the holding in *In re Appeal of Fayetteville Hotel Assoc.*, 117 N.C. App. 285, 450 S.E.2d 568 (1994), *aff'd*, 342 N.C. 405, 464 S.E.2d 298 (1995) (per curiam), dismissed taxpayer's appeal.

The sole issue before this Court is whether the Commission abused its discretion in dismissing taxpayer's appeal.

The rules for appeals to the Commission are codified in title 17, chapter 11 of the North Carolina Administrative Code. The relevant sections for purposes of this appeal are .0213 and .0214, which provide:

.0213 COMMISSION TO BE FURNISHED DOCUMENTS PRIOR TO HEARING

(a) At least ten days prior to the date of the hearing, each party to the appeal shall furnish to the secretary of the Commission six copies of all documents to be introduced at the hearing, including maps, pictures, property record cards and briefs. This requirement may be modified by the Commission if it is shown that compliance would cause an undue hardship on one or both of the parties.

(b) In the absence of an agreement to the contrary, a copy of each such document shall also be furnished or made available to the opposing party at the same time.

.0214 PARTIES TO ENTER INTO PRE-HEARING ORDER

Parties shall enter into a pre-hearing order before the appeal is set for hearing. This order will include stipulations as to par-

ties, exhibits, witnesses, issues, and any other matters which can be stipulated by the parties. The secretary of the Commission will furnish a sample order to all appellants. The Commission urges that the parties stipulate all uncontroverted essential facts and agree upon the qualifications of expert witnesses in the order. The appellant shall forward six copies of the executed order to the secretary at least 10 days prior to the date of hearing.

17 NCAC 11 .0213, .0214 (June 1982).

In *Fayetteville*, this Court held that dismissal of an appeal to the Commission for failure to follow the above noted rules was an appropriate sanction where: (1) the taxpayer-hotel had been mailed a notification by the Secretary of the Commission with instructions for the exchange of documentary evidence and the preparation of a pre-hearing order; (2) the respondent had attempted to contact the taxpayer twelve days before the date of hearing; and (3) the taxpayer nevertheless failed to submit its documents until the day before the hearing and did not enter into a pre-hearing order. *Fayetteville*, 117 N.C. App. at 287-88, 450 S.E.2d at 570. Taxpayer argues that his case is distinguishable from *Fayetteville* because he submitted answers to interrogatories from which Graham County could have ascertained the issues on appeal and also presented his witness and exhibit lists three days prior to the hearing date. This is a distinction without a difference. For one, section .0213 requires that each party, as well as the Commission, be given at least ten days prior to the hearing to adequately prepare in light of the other side's documentary evidence. *See* 17 NCAC 11 .0213. Thus, there is little difference in whether a party submits some information three days prior to the hearing or all of the information one day before the hearing. Moreover, the rules are designed to create a level playing field prior to the hearing, which includes presentation of the issues to the other side. *See* 17 NCAC 11 .0214. A party is not meant to have to search for potential issues that may be contained in answers to interrogatories. Finally, taxpayer makes no attempt to explain his failure to enter into a pre-hearing order and submit copies thereof to the Commission as required by section .0214. Based on these circumstances and considering the ample notice taxpayer was provided of the consequences of a failure to comply with the rules, we conclude that the Commission did not abuse its discretion in dismissing taxpayer's appeal.

Affirmed.

Judges McCULLOUGH and TYSON concur.